**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEFANO VITO MANICIOTO,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **No. 08-4347** |
| | : | |
| **FRANKLIN L. TENNIS, et al.,** | : | |
| **Respondents** | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                    May 12, 2009
U.S. MAGISTRATE JUDGE

Petitioner Stefano Vito Manicioto, a prisoner at the State Correctional Institution

Rockview in Bellefonte, Pennsylvania, has filed this pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  For the following reasons, I respectfully recommend Manicioto's

first claim be denied as non-cognizable and his second claim be denied as meritless.

## FACTUAL AND PROCEDURAL HISTORY

On December 1, 2004, Manicioto pled guilty to four counts of burglary, one count of

criminal attempt to commit escape, one count of criminal attempt to commit robbery, four counts

of criminal conspiracy to commit burglary, two count of criminal conspiracy to commit robbery,

five counts of robbery, and one count of robbery of a motor vehicle.  See Notice at 1,

Commonwealth v. Manicitto, Nos. CP-06-CR-3529-2003, CP-06-CR-3774-2003, CP-06-CR-

4263-2003, CP-06-CR-4485-2003, CP-06-CR-4486-2003, CP-06-CR-4548-2003, CP-06-CR-

4549-2003, CP-06-CR-2076-2004, CP-06-CR-4238-2004[1] (Ct. Com. Pl. Berks filed Apr. 11,

---

[1]  Hereinafter CP-06-CR-3529-2003, et al.

2006) [hereinafter Notice of Intention to Dismiss].  He was sentenced to an aggregate term of

ten-to-twenty years imprisonment.  See id.[2]

On December 17, 2004, Manicioto filed a pro se post-sentence motion, declaration of

guilt, and motion to reduce his sentence, see id.; Motion for Post Sentencing, Commonwealth v.

Manicioto, No. CP-06-CR-3529-2003, et al. (Ct. Com. Pl. Berks dated Dec. 14, 2004)

[hereinafter Post-Sentence Motion], which the court denied, see Order, Commonwealth v.

Manicioto, CP-06-CR-3529-2003, et al. (Ct. Com. Pl. Berks filed Dec. 22, 2004).

---

[2]  Because the Commonwealth was unable to locate the transcripts and the
Commonwealth's state court appellate briefs, see Answer to Petition for Writ of Habeas Corpus
and Memorandum of Law at 5, Manicioto v. Tennis, No. 08-4347 (E.D. Pa. filed Jan. 26, 2009),
Manicioto requested appointment of counsel to determine whether the missing documents can be
located, see Memorandum of Law in Support of Petitioner's Omnibus Reply to Respondent's
Answer at 5, Manicioto v. Tennis, No. 08-4347 (E.D. Pa. filed Mar. 19, 2009) [hereinafter
Petitioner's Reply].  The transcripts, however, were in the state court record produced to the
Clerk of Court for the Eastern District of Pennsylvania.  The Clerk of Court received the state
court record for all criminal numbers for which Manicioto pled guilty and was sentenced.  Some
docket records do not contain a complete set of transcripts.  For example, CP-06-CR-4238
contains only the guilty plea transcript and the sentencing transcript.  See Guilty Plea Transcript,
Commonwealth v. Maniciotto, CP-06-CR-4238-2003 (Ct. Com. Pl. Berks Dec. 1, 2004)
[hereinafter Guilty Plea Transcript]; Sentencing Transcript, Commonwealth v. Maniciotto, CP-
06-CR-4238-2003 (Ct. Com. Pl. Berks Dec. 10, 2004).  Other docket records, such as CP-06-CR-
4549-2003, however, contain the transcripts for the March 23, 2004 case status hearing,
incorrectly labeled Case Status Hearing Tuesday, December 8, 2005, see Notice at 5 n.1, the
April 22, 2004 status hearing, and the January 5, 2004 pretrial hearing, as well as the guilty plea
and sentencing transcripts.  See March 23, 2004 Case Status Transcript, Commonwealth v.
Maniciotto, CP-06-CR-4549-2003 (Ct. Com. Pl. Berks Dec. 10, 2004) [hereinafter March 23,
2004 Transcript]; April 22, 2004 Status Transcript, Commonwealth v. Maniciotto, CP-06-CR-
4549-2003 (Ct. Com. Pl. Berks Dec. 10, 2004) [hereinafter April 22, 2004 Transcript]; January 5,
2004 Pre-trial Hearing Transcript, Commonwealth v. Maniciotto, CP-06-CR-4549-2003 (Ct.
Com. Pl. Berks Dec. 10, 2004).
     Although the record does not contain the Commonwealth's state court appellate briefs,
the briefs are not necessary to determine whether the state court determinations of the issues are
contrary to, or an unreasonable application of, Supreme Court precedent.  In addition, the record
contains Manicioto's PCRA petition and concise statement of matters complained of on appeal
but does not contain his supporting briefs.  Therefore, I am unable to determine which claims
Manicioto raise in state court and will review all claims Mancioto alleges to have raised.

Manicioto filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  See Motion for Post Conviction Collateral Relief, Commonwealth v. Manicioto, No. CP-06-CR-3529-2003, et al. (Ct. Com. Pl. Berks filed Sept. 16, 2005) [hereinafter PCRA Motion].  Manicioto alleged: (1) the prosecution withheld evidence; (2) counsel ineffectiveness for failing to pursue and call critical witnesses; (3) counsel ineffectiveness for failing to investigate an alibi witness and defense; (4) counsel ineffectiveness for failing to move for suppression of evidence; (5) counsel ineffectiveness for failing to pursue and discover evidence; (6) counsel ineffectiveness for failing to conduct a reasonable investigation; (7) counsel ineffectiveness at time of guilty plea because plea was made pursuant to promises not on the record; (8) counsel ineffectiveness at sentencing for failing to object to prosecutor's misstatement of fact; (9) counsel ineffectiveness because the relationship between the accused and counsel rendered counsel ineffective.  See id. at Argument.  Court appointed counsel filed a no merit letter.[3]  The court gave notice of its intention to dismiss Manicioto's petition without a hearing, see Notice of Intention to Dismiss, and dismissed the petition on July 12, 2006, see Notice, Commonwealth v. Manicioto, CP-06-CR-3529-2003, et al. (Ct. Com. Pl. Berks July 12, 2006).

On October 13, 2006, Manicioto filed a pro se motion to reinstate his appeal rights nunc pro tunc, which was granted.  See Order, Commonwealth v. Manicioto, CP-06-CR-3529-2003, et al. (Ct. Com. Pl. filed Oct. 13, 2006).  The court reasoned, although Manicioto had been served a

---

[3]  Although the PCRA court stated a no merit letter was filed on March 10, 2006 and stated it granted counsel's motion to withdraw on March 13, 2006, see Commonwealth v. Manicioto, CP-06-CR-3529-2003, et al. at 2 (Ct. Com. Pl. Berks filed Dec. 13, 2006) [hereinafter PCRA Opinion], I cannot locate the no merit letter or order granting the attorney's motion to withdraw in the state court record.  The Superior Court also noted it was unable to find the documents.  See PCRA Superior Court Opinion at 2 n.1, 3 n.2.

copy of the court's April 10, 2006 notice of intention to dismiss,[4] he had not been served with the July 12, 2006 notice of dismissal.  Id.  Therefore, Manicioto did not know he had thirty days from July 12, 2006 to appeal.  Id.

Manicioto appealed, alleging (1) failure to serve rule 907 notice of intent to dismiss upon Manicioto requires remand for an opportunity to present objections to the proposed dismissal; (2) PCRA counsel ineffectiveness for filing a defective no-merit letter, which showed counsel failed to conduct a review of the record, independent of the pro se PCRA petition, for additional claims of arguable merit, i.e., the trial court erred by not determining Manicioto's ability to pay restitution and fines or the amount and manner they were to be paid; (3) PCRA counsel ineffectiveness for alleging Manicioto must plead and prove his innocence to be eligible for PCRA relief for the trial court's alleged coercion and failure to appoint new counsel; (4) PCRA counsel ineffectiveness for concluding Manicioto's motion to suppress his confession was waived by entry of the guilty plea; (5) PCRA court error for accepting a defective no-merit letter and not convening a hearing, based on the allegations set forth in claims two through four; (6) trial court error for not acting upon Manicioto's motion to compel the clerk of court to provide him with a copy of the original pro se petition that was filed with the notice of appeal nunc pro tunc.  See Statement of Matters Complained of on Appeal, Commonwealth v. Manicioto, No. 1995 MDA 2006 (Pa. Super. Ct. filed Dec. 5, 2006).

---

[4]  The state court found Manicioto had received notice of the court's notice of intention to dismiss.  See PCRA Opinion at 2.  The court noted a September 25, 2006 letter from the Deputy Clerk of Court to Manicioto incorrectly stated Manicioto was not served with the April 11, 2006 notice of intent to dismiss or the July 12, 2006 order dismissing the defendant's petition.  The court noted, however, the original file for docket CP-06-3529-03, contained a proof of service establishing the defendant was served with the court's notice of intent to dismiss.  See PCRA Opinion at 2; Proof of Service, Commonwealth v. Manicioto, No. CP-06-CR-3529-03 (Ct. Com. Pl. Berks filed Apr. 11, 2006) (notice mailed to Manicioto at SCI Smithfield by regular mail).

4

The PCRA court recommended Manicioto's appeal be denied.  See PCRA Opinion at 3. The Superior Court affirmed in part and reversed in part, vacating the judgments of sentence as to the restitution terms and vacating the judgment of sentence at docket number CP-06-CR-0003529-2003, counts four and five, as to the incarceration term.  See Commonwealth v. Manicioto, No. 1995 MDA 2006 (Pa. Super. Ct. filed Jan. 3, 2008) [hereinafter Super. Ct. PCRA Opinion].

On August 22, 2008, Manicioto filed this timely federal habeas petition alleging: (1) his PCRA motion was dismissed without notice of intent by the trial court, without independent review of the record, and affirmed on appeal upon unreasonable fact determinations without a hearing; and (2) the state courts falsely held Manicioto must assert his innocence to obtain relief on his induced plea claim, and a hearing is required on the voluntariness of the plea due to counsel ineffectiveness.  See Petition for Writ of Habeas Corpus by a Person in State Custody at 9, Manicioto v. Tennis, et al., No. 08-4347 (E.D. Pa. filed Aug. 22, 2008) [hereinafter Petition]. Construing his petition liberally, United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007); see Haines v. Kerner, 404 U.S. 519, 520 (1972) ("however inartfully pleaded" a pro se prisoner complaint is held "to less stringent standards than formal pleadings drafted by lawyers . . . . "), it appears Manicioto is attempting to raise the claims he raised on PCRA.

## DISCUSSION

I.   Manicioto's Claims of PCRA Court Error are Not Cognizable on Federal Habeas

Manicioto's first claim alleges the PCRA court erred when it accepted PCRA counsel's defective no-merit letter, dismissed his PCRA motion without sending notice of its intent to dismiss, and dismissed the petition without independently reviewing the record, and the Superior

Court erred when it affirmed the dismissal without a hearing.  See Petition at 9; Memorandum of Law in Support of Petition for Writ of Habeas Corpus at 9-15, Manicioto v. Tennis, No. 08-4347 (E.D. Pa. filed Dec. 5, 2008) [hereinafter Petitioner's Memorandum].

"[A]lleged errors in collateral proceedings are not a proper basis for habeas relief."  Abu-Jamal v. Horn, 520 F.3d 272, 297 (3d Cir. 2008) (citing Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004)) (allegation of judicial bias during a state collateral proceeding was not cognizable on federal habeas).  A federal court may evaluate only "the state or federal proceedings that actually led to the petitioner's conviction," and "[f]ederal habeas power is 'limited . . . to a determination whether there has been an improper detention by virtue of the state court judgment.'"  Id. (quoting Lambert, 387 F.3d at 247).  "[W]hat occurred in the petitioner's collateral proceeding does not enter into the habeas calculation."  Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998).[5]

Manicioto's claims of such state court error are based solely on events that occurred on PCRA review, and are non-cognizable.  See Abu-Jamal, 520 F.3d at 297; Lambert, 387 F.3d at 247; see also Diggs v. Diguglielmo, 2007 WL 4116311, at *21 (E.D. Pa. Nov. 15, 2007) (Padova, J.) (claim of PCRA court error for failing to conduct evidentiary hearing non-cognizable); Moore v. Diguglielmo, 2009 WL 839026, at *7 (E.D. Pa. Mar. 27, 2009) (Pollak, J.) (alleged due process error during collateral proceedings non-cognizable on federal habeas).

_____

[5]  Although "error in state collateral proceedings cannot be grounds for federal habeas relief, the error 'may affect the deference we owe the court's findings under § 2254(d) and 2254(e)(1).'"  Abu-Jamal, 520 F.3d at 297 n.25 (quoting Lambert, 387 F.2d at 247).

II.     Manicioto's Claims Addressed by the State Court are Meritless

Manicioto also claims the "state courts falsely held petitioner must assert his innocence to obtain relief on alleged induced plea."  See Petition at 9.  He states he raised counsel ineffectiveness claims in state court, including that "the plea was made pursuant to promises not disclosed on the record," and the state court dismissed the claims finding he could seek relief only if he was innocent.  See Petition at 9.  In his PCRA petition he raised counsel ineffectiveness claims and a prosecutorial misconduct claim, see PCRA Petition at Argument, and on PCRA appeal, Manicioto alleged PCRA counsel ineffectiveness[6] for alleging Manicioto must plead and prove innocence to be eligible for PCRA relief.  See PCRA Appeal at ¶ 3.

The Commonwealth contends this claim is procedurally defaulted because it was not raised in state court.  See Answer at 12; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for purposes of federal habeas . . . .").  Nevertheless,  I will review the claims because documents are missing from the state court record, it is unclear whether he raised the claims in state court,[7] I must construe Manicioto's pro

---

[6]  Although Manicioto does not have a federal constitutional right to counsel for state collateral proceedings, see Finley, 481 U.S. at 555, he has a right to counsel in state collateral proceedings under Pennsylvania law, see Pa. R. Crim. P. R. 904(C); Commonwealth v. Albrecht, 720 A.2d 693, 699 (Pa. 1998).  On habeas, Manicioto altered the claim because PCRA counsel ineffectiveness is not a cognizable claim on federal habeas.  See Petitioners' Memorandum at 16 n.12.

[7]  The circuits are split on whether a petitioner who exhausted an ineffectiveness claim in state court also exhausted the claim underlying the ineffectiveness claim.  Compare, e.g., Odem v. Hopkins, 192 F.3d 772, 775-76 (8th Cir. 1999) (underlying Brady claim exhausted where petitioner argued in state court counsel ineffectiveness for failing to "conduct any substantial

(continued...)

se petition liberally, and the claims are meritless, see 28 U.S.C. 2254 (b)(2) (habeas petition

"may be denied on the merits, not withstanding the failure of the [petitioner] to exhaust the

remedies available in the courts of the State").

State court decisions merit substantial deference.  See 28 U.S.C. § 2254(d)(1).  A writ of

habeas corpus cannot be granted unless I find the state court's adjudication of Manicioto's claims

(1) "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

"resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding."  § 2254(d).  I must presume the state

court's findings of fact are correct and Manicioto must rebut that "presumption of correctness by

clear and convincing evidence."  § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340-41

(2003); Porter, 276 F. Supp. 2d at 296.

A state court ruling is "contrary to" clearly established Supreme Court precedent for the

purposes of § 2254(d)(1) "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially

---

[7]  (...continued)
investigation . . ., make pretrial discovery requests and to request exculpatory evidence . . . ."),
with Wilder v. Cockrell, 274 F.3d 255, 260-62 (5th Cir. 1999) (underlying claim unexhausted
because the claim differed legally, logically, and mechanically from the ineffectiveness claim and
the only cite to federal law was to add another basis counsel could have requested admission of
statements).  The Third Circuit has not decided the issue, but has suggested exhausting an
ineffectiveness claim in state court does not exhaust the underlying claim.  Willis v. Vaughn, 48
Fed. Appx. 402, 406 (3d Cir. 2002) (non-precedential) (underlying claim unexhausted because
state court not on notice of the claim); see Gattis v. Snyder, 278 F.3d 222, 237 n.6 (3d Cir. 2002);
Senk v. Zimmerman, 886 F.2d 661, 614, 614 n.5 (3d Cir. 1989); Dooley v. Petsock, 816 F.2d
885, 889 n.3 (3d Cir. 1987); but see Veal v. Myers, 326 F. Supp. 2d 612, 622 (E.D. Pa. 2004)
(Brody, J.) (distinguishing the Third Circuit cases and finding underlying claim exhausted where
state court discussed the merits of the underlying claim); Harper v. Kyler, 2005 WL 590617, at
*10 (E.D. Pa. Apr. 22, 2005) (Surrick, J.) (same).

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from its precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Jamison v. Klem, 544 F.3d 266, 274 (3d Cir. 2008). The state court judgment must contradict clearly established decisions of the Supreme Court, not merely law articulated by any federal court.[8] Williams, 529 U.S. at 404-05; see Knowles v. Mirzayance, 129 S.Ct. 1411, 1419 (2009). The state court is not required to cite or even have an awareness of governing Supreme Court precedent "so long as neither the reasoning nor the result of [its] decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Jamison, 544 F.3d at 274-75.

A state court decision constitutes an "unreasonable application" of Supreme Court precedent if it identifies the correct governing legal rule from Supreme Court cases, but "unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407-08; Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887). When making the "unreasonable application" inquiry, I must determine "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409; see also Matteo, 171 F.3d at 891 ("whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under [Supreme Court precedent]"). A court that unreasonably extends an established rule to a new context where it should not apply, or unreasonably fails to extend such a rule to a new context where it should apply, may be deemed to have unreasonably applied the correct rule. Williams, 529 U.S. at 407; Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887). "[I]t is not 'an unreasonable

_____

[8] District court and appellate court decisions applying Supreme Court precedent, however, may amplify Supreme Court precedent. Hardcastle v. Horn, 368 F.3d 246, 256 n.3 (3d Cir. 2004) (citing Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999)).

9

application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]." Knowles, 129 S.Ct. at 1414.

A showing of clear error is not sufficient. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); see also Douglas v. Cathal, 456 F.3d 403, 417 (3d Cir. 2006) (grant of writ inappropriate where state determination was not objectively unreasonable, even where reasonable jurists may disagree about the correct disposition of the underlying claim).  I may not grant habeas relief "merely . . . because the state court applied federal law erroneously or incorrectly."  Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005)).  Rather, I must determine whether the state court's "determination was unreasonable – a substantially higher threshold."  Knowles, 129 S.Ct. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

A.      Federal Law Does Not Require a Petitioner Plead Innocence to Collaterally Attack a Guilty Plea

Manicioto contends the state court erred because it found he was ineligible for relief by failing to allege innocence in his PCRA claim.  See Memorandum of Law in Support of Petition for Writ of Habeas Corpus at 16-18, Manicioto v. Tennis, No. 08-4347 (E.D. Pa. filed Dec. 5, 2008) [hereinafter Petitioner's Memorandum].  Pursuant to Pennsylvania law, a petitioner who pled guilty is eligible for PCRA relief only if he pleads innocence on PCRA.  See 42 Pa. Cons. Stat. Ann. § 9543 (a)(2)(iii).  Federal law, however, has no such requirement.  See Villot v. Varner, 373 F.3d 327, 333 (3d Cir. 2003) (Pennsylvania's innocence requirement "tacks on an additional substantive element" to those required by federal law).  A state court finding that a claim is non-cognizable because the petitioner failed to plead innocence does not bar federal habeas review.  Id. at 335.

10

Contrary to Manicioto's contention, <u>see</u> Petition at 9, however, the state court did not find his claims meritless because he failed to allege his innocence, <u>see</u> Superior Court Opinion at 11-13.  Although the PCRA court did note PCRA counsel was not ineffective for concluding Manicioto's claims lacked merit because Manicioto was not innocent, <u>see</u> PCRA Opinion at 6, the Superior Court did not base its decision on Manicioto's failure to allege innocence, <u>see</u> Superior Court Opinion at 11-13 <u>infra</u> Part II.A.2.  Rather, the Superior Court found the claims meritless because Manicioto did not allege the errors raised in his PCRA petition induced his plea.  <u>Id.</u>

Accordingly, because the Superior Court reviewed the claims and did not base its findings on Manicioto's failure to allege innocence, I will apply §2254's deferential standard to the state's determination of the claims.

B. <u>The State Court's Resolution of Claims was not Contrary to, nor an Unreasonable Application of, Supreme Court Precedent</u>

In his PCRA petition, Manicioto claimed trial counsel ineffectiveness for failing to pursue and call critical witnesses, failing to investigate an alibi witness and defense, failing to move for suppression of evidence, failing to pursue and discover evidence, and failing to conduct a reasonable investigation.  <u>See</u> PCRA Petition at Argument.  He also raised counsel ineffectiveness because his guilty plea was made pursuant to promises not on the record, counsel ineffectiveness at sentencing for failing to object to prosecutor's misstatement of fact, counsel ineffectiveness because the relationship between the accused and counsel rendered counsel ineffective, and prosecutorial misconduct for failure to disclose evidence.[9]  <u>See id.</u>

---

[9] In its notice of intention to dismiss Manicioto's PCRA petition, the PCRA court listed the following as the issues raised:

(continued...)

When a guilty plea is entered in a state criminal trial, "several federal constitutional rights" are waived, including the privilege against compulsory self-incrimination, the right to jury trial, and the right to confront one's accusers.  Boykin v. Alabama, 395 U.S. 238, 243 (1969). Federal law requires the plea colloquy establish the defendant entered a plea knowingly and voluntarily.  See id. at 242.  The trial court, therefore, must "make sure [the defendant] has a full understanding of what the plea connotes and of its consequence" and create "a record adequate for any review that may later be sought."  Id. at 244.  The trial court must ensure "the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences."  Id. at 244 n.7 (quoting Commonwealth ex rel. West v. Rundle, 237 A.2d 196, 197-98 (Pa. 1968)).  A waiver is "knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances even though the defendant may not know the specific detailed consequences of invoking it."  Taylor v. Horn, 504 F.3d 416,

---

[9] (...continued)

1.  Prosecutorial misconduct regarding withheld information regarding witness identifications and misstatements of fact at the guilty plea hearing;

2.  Counsel ineffectiveness for failing to pursue an alibi defense;

3.  Counsel ineffectiveness for failing to file a motion to suppress his confession;

4.  Counsel coerced his guilty plea by promising him that he would ask the trial judge to impose a sentence of ten-to-twenty years, and that the Commonwealth would be requesting a sentence of thirteen-to-twenty-six years;

5.  The trial judge coerced him into taking a guilty plea and giving up his right to a trial by jury; and

6.  The trial judge erred in not appointing him new counsel since he 'fired' his appointed counsel.

See Notice at 2-3.  It is unclear where the PCRA court received this formulation of the issues presented.  Regardless, the Superior Court addressed the ineffectiveness claims raised in Manicioto's pro se PCRA petition, finding them meritless.

440 (3d Cir 2007) (quoting Iowa v. Tovar, 541 U.S. 77, 92 (2004)).  "A transcript showing full

compliance with the customary inquiries and admonitions furnishes strong, although not

necessarily conclusive, evidence that the accused entered his plea without coercion and with an

appreciation of its consequences."  United States v. Stewart, 977 F.2d 81, 84 (3d Cir. 1992).

However, even if the Boykin rights are not "specifically articulated," a plea will not be found

involuntary or unknowing "if the circumstances otherwise establish the plea was constitutionally

acceptable."  Id. at 85.

Although a petitioner collaterally attacking a guilty plea "'may not ordinarily repudiate'

statements made to the sentencing judge when the plea was entered, . . . no procedural device for

the taking of guilty pleas is so perfect in design and exercise as to warrant a per se rule rendering

it 'uniformly invulnerable to subsequent challenge.'"  Blackledge v. Allison, 431 U.S. 63, 73

(1977) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)).   However, "[s]olemn

declarations in open court carry a strong presumption of verity."  Id. at 74.  "[T]he

representations of the defendant, his lawyer, and the prosecutor at [a plea hearing], as well as any

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

collateral proceedings."  Id. at 73-74.  Subsequent "conclusory allegations unsupported by

specifics" and contentions which are incredible in the face of the record are subject to summary

dismissal.  Id. (citing Machibroda v. United States, 368 U.S. 487, 495-96 (1962)).  This is clearly

established federal law.  See Dickerson v. Vaughn, 90 F.3d 87, 92 (3d Cir. 1996).

The Superior Court found Manicioto's counsel ineffectiveness claims raised in his pro se

PCRA petition meritless.  The state court noted a "guilty plea constitutes a waiver of all defects

and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence."[10]

See Super. Ct. PCRA Opinion at 12 (quoting Commonwealth v. Murray, 836 A.2d 956, 962-63

(Pa. Super. Ct. 2003)).  The court, therefore, found Manicioto could not attack his conviction

claiming the prosecution withheld evidence, or counsel failed to adequately investigate his case,

raise certain defenses, or call certain witnesses, unless the issues implicate the plea's validity.

Id.  The court noted Manicioto did not contend the alleged errors induced him to plead guilty.[11]

Id.  "Rather, [he] freely admitted at his guilty plea colloquy that his plea had not been coerced

and that he was satisfied with counsel's representation."[12]  See id. (Citing Notes of Testimony,

Dec. 1, 2004, at 5, 9).  The Superior Court noted a defendant who pleads guilty must answer

questions truthfully and a court cannot "permit a defendant to postpone the final disposition of

his case by lying to the court and later alleging that his lies were induced by counsel."  Id. at 12-

13 (quoting Commonwealth v. Pollard, 832 A.2d 517, 524 (Pa. Super. Ct. 2003)).

_____

[10]  The guilty plea signed by Manicioto also states he has "[t]he right to challenge that [his] attorney was not effective in representing me, and that his/her ineffectiveness caused me to enter an involuntary or unknowing guilty plea."  See Statement Accompanying Defendant's Request to Enter a Guilty Plea, Commonwealth v. Manicioto, No. CP-06-CR-3529-2003, et al. (Ct. Com. Pl. Berks filed Dec. 1, 2004).  Although Manicioto could allege ineffectiveness, the alleged ineffectiveness would have to cause an invalid or unknowing plea.  Id.; accord Commonwealth v. Watson, 835 A.2d 786, 795 (Pa. Super. Ct. 2003) (quoting Commonwealth v. Yager, 685 A.2d 1000, 1004 (Pa. Super. Ct. 1996)).

[11]  On habeas, Manicioto alleges trial court and trial counsel did induce him to plead guilty.  See Petitioner's Memorandum at 19-21.  As discussed below, Manicioto's claims are meritless.  See infra Part III.

[12]  In addition, in his pro se post-sentence motion Manicioto stated his plea was knowingly, intelligently, and voluntarily made and declared his plea valid.  See Post Sentence Motion at 3/16.

14

The Superior Court also found it was unable to determine whether counsel was ineffective at sentencing because Manicioto failed to identify the prosecutor's misstatement at the sentencing, which allegedly required objection.  See Super. Ct. PCRA Opinion at 13.

The state court's findings were not contrary to, nor an unreasonable application of, Supreme Court precedent.  See Williams, 529 U.S. at 405-06.  It did not contradict Supreme Court precedent or reach a result different than a Supreme Court precedent faced with indistinguishable facts.  It was not objectively unreasonable to find Manicioto's claims meritless where Manicioto merely made conclusory allegations regarding his plea.  Compare Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (petitioner merely presented conclusory allegation, insufficient to demonstrate an involuntary plea, where claimed he felt he had no choice other than to plead guilty because of attorney's performance), with United States v. White, 366 F.3d 291, 298 (4th Cir. 2004) (Government conceded, and district court held, petitioner's guilty plea was involuntary because counsel incorrectly informed him he would be able to appeal the suppression motion; therefore, petitioner's guilty plea colloquy could not be used against him), and Zilich v. Reid, 36 F.3d 317, 321 (3d Cir. 1994) (petitioner "offered specific testimony that, if true, would negate the voluntariness of his plea and establish that he pled guilty only because of a belief he would receive probation in return for waiving his right to trial").

Similarly, it was not unreasonable to find the claims meritless based on Manicioto's statements made under oath.  See Blackledge, 431 U.S. at 74 (statements made in court have a "presumption of verity").  Nor was it unreasonable to find the claim unreviewable where Manicioto did not identify any objectionable statements at the sentencing hearing.  See Zettlemeyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (citing Mayberry v. Petsock, 821 F.2d

15

179, 185 (3d Cir. 1987)) (court cannot grant relief based on vague and conclusory allegations; rather, the petitioner must set forth sufficient facts to support the claim).

Even if, as the PCRA court noted, Manicioto was attempting to claim trial counsel coerced him into pleading guilty by promising counsel would seek a ten-to-twenty year sentence and the Commonwealth would seek a thirteen-and-a-half-to-twenty-six year sentence, this claim is also meritless.  In its notice of intention to dismiss, the PCRA court found this claim meritless, noting counsel did seek a ten-to-twenty year sentence and the Commonwealth did request a thirteen-and-a-half-to-twenty-six year sentence.[13]  <u>See</u> Notice of Intention to Dismiss at 4-5; <u>see also</u> Sentencing Transcript at 9:14-15.  The court sentenced Manicioto to an aggregate term of ten-to-twenty years imprisonment.  <u>See</u> Sentencing Transcript at 23-25.  It was not contrary to, nor an unreasonable application of, Supreme Court precedent to find Manicioto's coercion claim meritless where counsel requested the sentence he promised Manicioto he would request.  <u>See</u> <u>Schell v. Zimmerman</u>, 1988 WL 94279, at *1 (E.D. Pa. Sept. 6, 1998) (Giles, J.) (petitioner's counsel ineffectiveness claim for failing to ensure closing arguments were transcribed or recorded failed where counsel did request closing argument be transcribed and the arguments were recorded, and the trial was not prejudiced by counsel's actions).

---

[13]  The Commonwealth requested a thirteen-to-twenty-six year sentence.  <u>See</u> Sentencing Transcript at 10:7.  Although the court stated the Commonwealth requested a thirteen-and-a-half-to-twenty-six year sentence, <u>id.</u> at 9:14-15, it later corrected its statement, noting the Commonwealth had requested a thirteen-to-twenty-six year sentence, <u>id.</u> at 10:7.

C.     The State Court's Determination the Trial Court did not Coerce Manicioto was not Contrary to, nor an Unreasonable Application of, Supreme Court Precedent

1.     The State Court's Comments Regarding the Statutory Maximum Sentence

Manicioto also alleges the trial judge conducted an improper colloquy at the March 23, 2004 status hearing because he implied Manicioto would face a higher prison sentence if he went to trial than if he pled guilty by informing Manicioto of the statutory maximum sentence he faced for the charged crimes.  See Petitioner's Memorandum at 20.  At the March 23, 2004 status hearing, the trial judge stated "[y]ou understand, sir, that a robbery carries 20 years?  Each robbery together.  So you are looking at 100 years in prison if you are convicted.  That is fine.  You have an absolute right to go to trial."  See March 23, 2004 Transcript at 3:18-21.  After a discussion whether the Commonwealth would offer a plea, the trial judge stated "[w]ell, I don't know whether it's going to be good or not.  It's up to you.  You can go to trial and be looking at 150 years, that is fine.  And you have an absolute right to do that."  See id. at 4:11-14.

The PCRA court found the claim meritless.  Id.  Because Manicioto's state court brief is not in the record and the Superior Court did not address the issue, it is unclear whether Manicioto raised this ground on appeal in state court, as he alleges he did.  Regardless the claim is meritless.

The PCRA court noted a "[c]ourt must determine whether the defendant is knowingly and voluntarily entering the guilty plea" before it accepts the plea.  Id. (quoting Pa. R. Crim. P. Rule 590(A)(2)).  "[T]o determine whether the plea is knowing and voluntary, the [c]ourt must elicit certain information from the defendant," including whether the defendant is aware of the permissible sentence and fine ranges for the offenses.  Id. (citing Pa. R. Crim. P. Rule 590, cmt.).

The court also noted, regardless whether Manicioto felt coerced by the court's comments at the status hearing, the claim was meritless.  Id.  Manicioto voluntarily relinquished his right to

17

a jury trial at the guilty plea hearing, which was nine months after the trial judge's challenged

comments about the maximum sentence.  Id.  The court noted a defendant is bound by statements

made in open court and cannot later seek withdraw of his guilty plea based on comments

contradicting those statements.  Id. at 5-6 (quoting Commonwealth v. Pollard, 832 A.2d 517, 523

(Pa. Super. Ct. 2003)).  "[A] defendant may not challenge his guilty plea by asserting that he lied

while under oath, even if he avers that counsel induced the lies."  Id. at 6 (quoting Pollard, 832

A.2d at 523).  At his guilty plea hearing, Manicioto stated no one coerced him to plead guilty.  Id.

(citing Guilty Plea Transcript at 5).

        The state court's finding was not contrary to, nor an unreasonable application of,

Supreme Court precedent.  It was not unreasonable to find the state court did not induce a guilty

plea by informing Manicioto of the maximum sentences, see Boykin, 395 U.S. at 244 n.7 (court

must inform defendant of permissible sentences), and it was not unreasonable to rely on

statements made to the court, see Blackledge, 431 U.S. at 74.

                2.      PCRA Court's Comments Regarding Manicioto's Right to Counsel

        Manicioto alleges, at the April 22, 2004 status hearing, after counsel informed the court

Manicioto was "firing" trial counsel, the court "berated [Manicioto] by stating, 'you can desire to

hire whomever you want . . . this is not a dating service . . . and you can represent yourself, that's

your option.'"  See Petitioner's Memorandum at 20 (quoting Apr. 22, 2004 Transcript at 2-3).

Manicioto contends, because of this comment, the trial court coerced him into waiving his right

to a jury trial.  See Petition for Extension at ¶ 2.  The PCRA court addressed this issue.  See

Notice of Intention to Dismiss at 6.

In its notice of intention to dismiss, the PCRA court noted "[a]n indigent defendant does not have the right to counsel of his choice, and mere dissatisfaction is not a violation of the defendant's Sixth Amendment right to counsel." See Notice of Intention to Dismiss at 6 (citing Commonwealth v. Bell, 476 A.2d 439 (Pa. Super. Ct. 1984)). The court noted Manicioto had informed the court at the April 22, 2004 case status hearing he was firing counsel, see id. (citing April 22, 2004 Transcript at 2), and the trial court had advised Manicioto it would conduct a hearing at the time of trial if he still wished to represent himself, see id. (citing April 22, 2004 Transcript at 3-4)). The PCRA court found Manicioto did not have a right to pro bono counsel of his choosing, id., and the guilty plea transcript showed Manicioto was satisfied with counsel, id. (citing Guilty Plea Transcript at 9:7-9).

This was not contrary to, nor an unreasonable application of, Supreme Court precedent. The PCRA court determination does not contradict a Supreme Court precedent, and it was not objectively unreasonable to find an indigent defendant did not have the right to counsel of his choosing. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 625 (1989) (the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts").

III.     Claims Not Addressed by the State Courts

Manicioto claims his plea was induced because counsel changed his plea from a negotiated plea to an open plea without his knowledge, the trial court did not ask Manicioto whether he understood he faced a maximum of 237-years imprisonment, and the plea was not knowing or voluntary because the court did not have a factual basis or colloquy Manicioto regarding the nature and elements of the crimes charged.  See Petitioner's Memorandum at 20-21.  Although Manicioto alleges he raised these claims in state court, see id. at 21, the state courts did not address the issues.  Because the state court record does not contain the state court briefs, I am unable to determine whether the claims were raised in state court.  Regardless, the claims are meritless under de novo review.

A.     Manicioto was Aware He was Entering an Open Plea and was Aware He Faced 237-years imprisonment

Manicioto claims he reached a negotiated plea agreement with the Commonwealth but, at the start of the guilty plea proceedings, trial counsel crossed-out the agreement on the written plea form, changing it to an open plea.  See Petitioner's Memorandum at 20.  In addition, at the plea hearing, Manicioto claims he was not asked if he wanted to plead guilty, and trial counsel, not Manicioto, answered whether Manicioto understood he was facing 237-years imprisonment.  See id.  First, at the guilty plea hearing, the court explained Manicioto had no plea agreement.  See Guilty Plea Transcript at 6:11-16.  Rather, it noted Manicioto had entered an open plea.  See id. at 6:18-20.  Manicioto stated he understood he was entering an open plea.  See id. at 6:20.  The court explained Manicioto was "literally throwing [himself] on the mercy of the court," and, unlike the plea agreement, there was no agreed upon sentence, id. at 6:12-17.  Second, after hearing the facts for each charged crime and the possible sentences he faced, Manicioto admitted

the underlying factual basis supporting the elements of each crime.  See, e.g., id. at 13:14-18.

Third, the court stated it was going to put the guideline ranges on the record, id. at 7:5-7, which it

did, see, e.g. id. at 11:14-23.  Although Manicioto's counsel responded Manicioto understood the

possible sentence and restitution amount, see Guilty Plea Transcript at 8:2-4, 11-15, immediately

after counsel's statement, Manicioto stated he understood he faced 237-years imprisonment and a

$390,000 fine, id. at 8:18-22.

The guilty plea transcript establishes Manicioto was aware he was entering an open plea

agreement rather than a negotiated plea agreement and was aware of the ramifications of his

decision.  See Guilty Plea Transcript at 6:12-20.  Moreover, he admitted the facts underlying the

charged crimes, see, e.g., id. at 13:14-18, and stated he understood he could receive a 237-year

imprisonment term and a $390,000 fine, see id. at 8:19-22.  The claims, therefore, are meritless.

### B.   Manicioto's Plea was Knowing, Intelligent, and Voluntary

Manicioto also alleges the court "ruled the plea was knowing, intelligent, and voluntary

without any factual basis nor colloquy of [Manicioto] as to the nature and elements of the

offense."  See Petitioner's Memorandum at 21.

The trial court must "make sure [the defendant] has a full understanding of what the plea

connotes and of its consequence" and create "a record adequate for any review that may later be

sought."  Boykin, 395 U.S. at 244.  "[A] state trial court must engage in a colloquy on the record

sufficient to ensure that the defendant has been apprised of his constitutional right to a jury trial,

right to confront his accusers, and the privilege against self-incrimination.  Anything less fails to

ensure that a criminal defendant has been adequately informed of his constitutional rights and

renders the plea vulnerable to collateral attack."  Hill v. Beyer, 62 F.3d 474, 481 (3d Cir. 1995).

Although "a pre-printed waiver form alone does not satisfy <u>Boykin</u>'s requirements," it is sufficient where the form is reviewed with counsel and is "supplemented with an adequate oral colloquy." <u>Taylor</u>, 504 F.3d at 447.

Manicioto signed the guilty plea, which stated the rights he waived, and, at the guilty plea hearing, Manicioto responded "yes" when asked whether the answers provided on the written statements were "true and correct." <u>See</u> Guilty Plea Transcript at 4: 14-16. Manicioto also informed the court he had discussed the waiver form with counsel. <u>See id.</u> at 4:1-25. In addition, at the guilty plea hearing, the court and prosecutor stated the facts and prison terms faced for each charge, <u>see, e.g.</u> Guilty Plea Transcript at 12:13-25, 11:14-23, and Manicioto admitted each allegation, <u>see, e.g., id.</u> at 18:9-12.

This colloquy, coupled with the waiver signed by Manicioto, establish Manicioto's guilty plea was knowing and voluntary. <u>See Taylor</u>, 540 F.3d at 440 (waiver is knowing and voluntary where defendant "fully understands the nature of the right"). Therefore, this claim is meritless.

IV.    <u>Request for an Evidentiary Hearing</u>

Manicioto claims a "hearing is needed on voluntariness of plea due to ineffectiveness of counsel." <u>See</u> Petition at 9. Manicioto's request for an evidentiary hearing is denied.

An evidentiary hearing on federal habeas cannot be held where a petitioner developed the claim's factual basis in state court. <u>Goldblum v. Klem</u>, 510 F.3d 204, 220 (3d Cir. 2007). Moreover, if the petitioner "has failed to develop the factual basis of a claim in [s]tate court proceedings," section 2254(e)(2) limits the availability of an evidentiary hearing.[14] <u>See Thomas</u>,

---

[14]    A federal court cannot hold an evidentiary hearing unless the applicant shows the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, or the applicant shows the "facts underlying the claim would be sufficient

(continued...)

428 F.3d at 498 (quoting § 2254(e)(2)); <u>Miller v. Klem</u>, 2007 WL 2306582, *2 (E.D. Pa. Aug. 8, 2007) (McLaughlin, J.).  If a petitioner meets the limitations of section 2254(e)(2), a district court has discretion to grant an evidentiary hearing.  <u>Goldblum</u>, 510 F.3d at 220-21.

Failing to develop a claim requires "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  <u>Williams</u>, 529 U.S. at 432.  In the usual case, a prisoner has not "failed to develop a claim if he requested an evidentiary hearing in state court and the state court declined to provide him a hearing."  <u>See</u> <u>Thomas</u>, 428 F.3d at 498; <u>Lark v. Beard</u>, 2006 WL 1489977, at *4 (E.D. Pa. May 23, 2006) (Padova, J.).

However, even if the petitioner is not barred from obtaining an evidentiary hearing by § 2254(e)(2), it does not mean a hearing is required.  <u>See</u> <u>Campbell v. Vaughn</u>, 209 F.3d 280, 287 (3d Cir. 2000).  The decision to hold an evidentiary hearing should focus on whether the hearing would be meaningful, i.e., it would have the potential to advance the petitioner's claim or evidence outside the record would help petitioner's cause.  <u>Id.</u>  A petitioner bears the burden of showing the hearing would be meaningful.  <u>Id.</u> An evidentiary hearing, however, "is not required on issues that can be resolved by reference to the state record."  <u>Id.</u> at 221 (quoting <u>Schiriro v. Landrigan</u>, 127 S.Ct. 1933, 1940 (U.S. 2007)).

Manicioto claims a hearing should be held to determine whether counsel was ineffective at his guilty plea hearing.  On appeal, Manicioto alleged state court error for failing to hold an evidentiary hearing.  <u>See</u> PCRA Concise Statement. The Superior Court found a hearing was not required because Manicioto's claims were meritless.  <u>See</u> PCRA Superior Court Opinion at 14.

---

[14] (...continued)
to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty."  § 2254(e)(2).

Thus, because he requested an evidentiary hearing in state court, it appears Manicioto is not barred from having an evidentiary hearing by § 2254(e)(2).  See Thomas, 428 F.3d at 498.

Manicioto, however, has not explained how an evidentiary hearing would advance his claims.  The state court decision that Manicioto's counsel was not ineffective because the underlying claims lacked merit, was not objectively unreasonable.  See Williams, 529 U.S. at 409; Woodford, 537 U.S. at 25.  Thus, an evidentiary hearing to determine whether his counsel's performance was deficient would be meaningless because Manicioto cannot satisfy the prejudice prong of Strickland.  See United States v. Holloway, 187 Fed. Appx. 198, 204 (3d Cir. 2006) (petitioner failed to establish prejudice where underlying claim was meritless); Ricks v. Pa. Bd. of Probation and Parole, 2009 WL 101699, at *10 (E.D. Pa. Jan. 14, 2009) (Tucker, J.) (same).

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 12th day of May, 2009, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice.  It is further recommended that there is no probable cause to issue a certificate of appealability.[15]  The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).


BY THE COURT:


/s/ TIMOTHY R. RICE                        
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[15]    Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted.  See id.

25